UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTOR KUVAEV,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 26-cv-810-RSH-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 9, 2026, petitioner Viktor Kuvaev filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Court thereafter ordered a response and set a briefing schedule. ECF No. 2. The merits have been fully briefed. *See* ECF Nos. 3 (return), 4 (traverse).

The Petition alleges as follows. Petitioner, a citizen of Russia, applied for admission to the United States from Mexico at the San Ysidro Port of Entry on July 23, 2022. ECF No. 1 ¶ 2. He was briefly detained, and on July 24, 2022 was released into the United States on humanitarian parole. *Id.* He thereafter applied for asylum. *Id.* ¶ 3. On December 6, 2025, Petitioner was rearrested and taken into immigration custody. *Id.* ¶ 4. He was not told why he was being arrested or detained. *Id.* Petitioner is currently in immigration custody at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 17.

Petitioner challenges the legality of his detention, arguing among other things that Respondents revoked his release "in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety or flight risk, in violation of due process." *Id.* ¶ 63. Petitioner requests his immediate release. *Id.* at 21.

## I.   JURISDICTION

Respondents first contend that Petitioner's claim is jurisdictionally barred under 8 U.S.C. § 1252(g) and (b)(9). ECF No. 3 at 2–3.

Section 1252(g) provides that, except as otherwise provided in that section, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Additionally, Section 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Respondents argue that this habeas petition arises from DHS's decision to commence removal proceedings, and Petitioner's challenge is thus jurisdictionally barred. ECF No. 3 at 2.

The Supreme Court has interpreted the "arising from" jurisdiction-limiting provision in 8 U.S.C. § 1252(g) narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process . . . ." *Id.*

///

In a later decision involving a habeas petition, the Supreme Court likewise narrowly interpreted the similar "arising from" language in 8 U.S.C. § 1252(b)(9). *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Referring back to its opinion in *American-Arab Anti-Discrimination Committee*, the Supreme Court explained that it did not construe Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Id.* (citation omitted). Consistent with this narrow interpretation, the Supreme Court held that Section 1252(b)(9) did not bar the detainee in *Jennings* from using habeas to challenge the legality of his detention. *Id.* at 294–95 ("[I]t is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar."). *See also Flores-Miramontes v. INS*, 212 F.3d 1133, 1139 (9th Cir. 2000) (stating that § 1252(b)(9) "does not affect petitions for habeas corpus").

Here, Petitioner challenges the legality of his detention. Based on the foregoing precedent, the Court concludes that Petitioner's claims are not barred by 8 U.S.C. § 1252(g) or (b)(9).

Respondents also argue in a footnote that "the Court should ensure Petitioner properly exhausts administrative remedies." ECF No. 3 at 3 n.2. This Court, following other courts in this district, finds that exhaustion would be futile here because the BIA would be obligated to apply administrative precedent to conclude that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *3 (Nov. 4, 2025) (collecting cases).

## II.    MERITS

Petitioner argues that after he was released on parole, due process requires an individualized determination that he is a flight risk or a danger before returning him to custody pending completion of his removal proceedings. ECF No. 1 ¶¶ 60–63. In

1  opposition, Respondents argue that Petitioner's parole expired prior to his arrest, and that
2  as an "applicant for admission" he is subject to mandatory detention pursuant to 8 U.S.C.
3  § 1225(b)(2)(A). ECF No. 3 at 3–5.

4  Respondents' argument misses the mark. Petitioner argues that his due process rights
5  have been violated; Respondents do not address due process. In arguing that Petitioner's
6  detention comports with applicable regulations, Respondents cite the district court decision
7  in *Omer G.G. v. Kaiser*, No. 1:25-CV-1471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal.
8  Nov. 22, 2025). ECF No. 3 at 4. That case, similar to this one, involved a noncitizen's
9  habeas challenge to his re-detention following the expiration of his parole. The district
10 court determined, first, that the fact that the petitioner was subject to mandatory detention
11 pursuant to 8 U.S.C. § 1225(b)(2)(A) did not prevent the court from hearing the petitioner's
12 constitutional challenge to his detention. *Omer G.G.*, 2025 WL 3254999, at *3. The court
13 determined, next, that even though the petitioner's parole had expired, "petitioner's liberty
14 interest did not expire along with his parole," and the petitioner had a protected liberty
15 interest in his continued release. *Id.* at *5–6. The court concluded that in the circumstances
16 of that case, the petitioner was entitled by due process to a hearing as a condition of being
17 re-detained. *Id.* at *8. Although the *Omer G.G.* decision is not binding precedent, and may
18 have some factual distinctions, it suggests that Petitioner is entitled to a hearing or at least
19 *some* process before being re-detained pending his removal proceedings. Petitioner alleges
20 that he received *no* process here; he was given no explanation for his rearrest. ECF No. 1
21 ¶ 4. Respondents do not dispute these facts. In the context of the briefing here, the Court
22 treats Petitioner's due process argument as unopposed.
23 //
24 //
25 //
26 //
27 //
28 //

### III. Conclusion

For the foregoing reasons, the Petition is **GRANTED**. Within ***three (3) days of the date of this order***, Respondents shall release petitioner Viktor Kuvaev subject to the terms of his previous grant of parole, or any other conditions that may be appropriate for release on recognizance. The Court declines to order further relief sought in the Petition, such as the request to bar Respondents from requiring an ankle monitor as a condition of release, which request Petitioner has not supported with legal authority.

The hearing set for Thursday, March 5, 2026 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: March 2, 2026

_____
Hon. Robert S. Huie
United States District Judge